UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | | |
|---|---|---|
| SGS SPORTS, INC., | : | |
| Plaintiff, | : | Court No. 18-00128 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

## STIPULATION OF FACTS AND
## JOINT MOTION FOR THE ENTRY OF A JUDGMENT

Plaintiff, SGS Sports, Inc. (SGS), and defendant, the United States (the Government),

pursuant to Rule 56 of the United States Court of International Trade, hereby inform the Court as

to their agreement involving certain facts and respectfully request that the Court enter judgment

for plaintiff for this case.  As explained below, the Government's agreement for the entry of

judgment does not waive or in any way prejudice the Government's ability to appeal the adverse

holdings of the Court as to the issues decided in the first phase of the bifurcated proceedings of

this case.

## BACKGROUND

The question presented by this case is whether the subject merchandise imported by SGS

is properly classified under subheading 9801.00.20, of the Harmonized Tariff Schedule of the

United States (HTSUS).  This is a duty free provision that "covers reimported merchandise: (1)

upon which duty was paid at the time of previous importation; (2) that has not been advanced in

value or improved in condition while abroad; (3) that was exported under a lease or similar use

agreement; and (4) that is reimported by" the same party who originally imported and later exported it from the United States. *Skaraborg Invest USA, Inc. v. United States*, 9 F. Supp. 2d 706, 709 (Ct. Int'l Trade 1998).

On January 13, 2020, the Court bifurcated the resolution of these issues into two phases. *See* Docket No. 63. The Court ordered that "Phase one of the trial, . . . will resolve solely the issue of whether the Warehouse Agreement between Plaintiff SGS Sports Inc. . . . and 147483 Canada Inc. [(147483)], dated September 1, 2005, is a 'lease or similar use agreement[].'" The Court ordered that Phase II, if necessary, will resolve all remaining issues. January 13, 2021 Order, Docket No. 63; January 15, 2021 Order, Docket No. 66.

The Court conducted a trial for Phase I on February 4 and 5, 2020. On March 21, 2022, the Court rendered a decision, holding that the "Warehousing Agreement is a lease or similar use agreement under" subheading 9801.00.20. Slip Op. 22-26 at 3. The Government moved for retrial or rehearing on two questions not considered by the Court in its decision: first, whether the parties to the Warehouse Agreement are one and the same entity and, second, whether an "agreement" existed between them, which the Court defined as "a mutual understanding between *two or more persons*." Slip Op. 22-26 at 19 (emphasis added); Defendant's Motion for Rehearing or Retrial, Docket No. 100; Slip Op. 23-20 (Feb. 17, 2023), Docket No. 104, at 20. The Court granted the motion for rehearing and issued an amended opinion and order. The Court held that SGS and 147483 Canada, Inc., the parties to the Warehousing Agreement, were separate entities and that the Warehousing Agreement was a Lease or Similar Use Agreement, satisfying the third prong required for classification in subheading 9801.00.20. Slip Op. 23-20 (Feb. 17, 2023), Docket No. 104.

2

The proceedings of the case then transitioned into Phase II. The issues presented in Phase II are whether the subject merchandise was previously imported into the United States, whether the duties were paid on that merchandise, and whether the merchandise was not advanced in value or improved in condition while outside of the United States. *See* subheading 9801.00.20. The parties have conferred and agreed to a joint statement of facts that resolve the issues in Phase II without the need for further litigation or trial.

## STIPULATION OF FACTS

The parties agree to the following stipulated facts:

1.      The imported merchandise that is the subject of this action was previously imported into the United States.

2.      Plaintiff paid all applicable duties upon such previous importation.

3.      The imported merchandise was not advanced in value or improved in condition by any process of manufacture or other means while abroad.

4.      The imported merchandise was reimported by or for the account of the person who imported it into, and exported it from, the United States.

Given these stipulated facts, the case is ripe for the entry of a judgment.

## JOINT MOTION FOR THE ENTRY OF A JUDGMENT

The Court reviews classification decisions by Customs *de novo* through a two-step analysis. *Faus Group, Inc. v. United States*, 581 F.3d 1369, 1371 (Fed. Cir. 2009). First, the Court must determine "the proper meaning of the relevant tariff provisions" – a question of law. *Id.* (citing *Orlando Food Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998)). Second, the Court must determine "whether the merchandise at issue falls within a particular tariff provision as construed" – a question of fact. *Id.* at 1371-72.

3

"This court may resolve a classification issue by means of summary judgment . . . 'if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" *Essex Mfg., Inc. v. United* States, 30 CIT 1, 3 (2006) (quoting USCIT Rule 56(c)).  That is, the Court must determine whether there are any factual disputes that are material to the resolution of the action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986); *Texas Apparel Co. v. United States*, 698 F. Supp. 932, 934 (Ct. Int'l Trade 1988), *aff'd*, 883 F.2d 66 (Fed. Cir. 1989), *cert. denied*, 493 U.S. 1024 (1990).

The only remaining factual issues left before the Court are those covered by Phase II. Those factual issues have been resolved through the above stipulation of facts by the parties. Because no material factual issues remain in dispute, this case is ripe for the entry of a judgment.

Accordingly, the parties respectfully request that the Court enter the proposed judgment for this case, which accounts for the findings of fact and conclusions of law rendered in Phase I of the proceedings, Slip Op. 22-26, Docket No. 95, and Slip. Op 23-20, Docket No. 100, and the parties' stipulated facts as to the issues covered by Phase II.

Through this motion, the parties hereby abandon any pending motions *in limine* regarding Phase II. Also, as we mention above, the Government's agreement for the entry of judgment does not waive or in any way prejudice the Government's ability to appeal any findings of fact or conclusions of law reflected in Slip Opinions 22-26 and 23-20 and the accompanying judgment.

4

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter the proposed judgment for this case.

Respectfully Submitted,

NEVILLE PETERSON LLP
Attorneys for Plaintiff
One Exchange Plaza at 55 Broadway
New York, New York 10006
Tel: (212) 635-2730

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ John Peterson
    John Peterson

By: _____
    JUSTIN R. MILLER
    Attorney-In-Charge

MONICA P. TRIANA
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Suite 346
New York, New York 10278
Tel. No. 212-264-9230 or 9232
*Attorneys for Defendant*

January 5, 2024

5