Slip Op. 24-5

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SGS SPORTS INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before:  Jennifer Choe-Groves, Judge <br><br> Court No. 18-00128 |

## OPINION AND ORDER

[Granting the Parties' stipulation of facts and joint motion for the entry of a judgment.]

Dated: January 19, 2024

John M. Peterson and Patrick B. Klein, Neville Peterson, LLP, of New York, N.Y., argued for Plaintiff SGS Sports Inc.

Justin R. Miller, attorney-in-charge, and Monica P. Triana, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States.  With them on the motion were Brian M. Boynton, Principal Deputy Assistant Attorney General, and Patricia M. McCarthy, Director.

Choe-Groves, Judge:  Before the Court is the Stipulation of Facts and Joint Motion for the Entry of a Judgment filed by Plaintiff SGS Sports, Inc. ("Plaintiff" or "SGS") and Defendant United States.  Stipulation Facts Joint Mot. Entry J., ECF No. 119.  At the request of the Parties, the Court bifurcated this case into two

phases.  Order (Jan. 13, 2021), ECF No. 63.  In Phase I, the Court determined that the warehousing agreement between SGS and 147483 Canada, Inc. is a lease or similar use agreement.  SGS Sports Inc. v. United States, 47 CIT __, __, 620 F. Supp. 3d 1365, 1380 (2023).  Remaining for Phase II is the question of whether the subject entries were eligible for duty-free treatment under subheading 9801.00.20 of the Harmonized Tariff Schedule of the United States ("HTSUS").  See id. at 1380–81.

The Parties filed their Stipulation of Facts and Joint Motion for the Entry of a Judgment informing the Court that the Parties have agreed to the following facts:

1. The imported merchandise that is the subject of this action was previously imported into the United States.
2. Plaintiff paid all applicable duties upon such previous importation.
3. The imported merchandise was not advanced in value or improved in condition by any process of manufacture or other means while abroad.
4. The imported merchandise was reimported by or for the account of the person who imported it into, and exported it from, the United States.

Stipulation Facts Joint Mot. Entry J. at 3.  The Parties contend that these stipulated facts resolve all factual issues remaining before the Court and request that judgment be entered for Plaintiff.  Id. at 3–5.  Defendant United States asserts that its agreement for the entry of a judgment is not intended to waive its ability to appeal the Court's determinations in Phase I of this proceeding.  Id. at 1.

In an action brought challenging the denial of a protest to the assessment of duties by U.S. Customs and Border Protection, Parties may file a stipulation for judgment on agreed upon facts at any time. USCIT R. 58.1. The Court reviews classification cases based on a de novo review of the record. 28 U.S.C. § 2640(a). This is a two-step process. First, the Court ascertains the proper meaning of the terms in the tariff provision. See Schlumberger Tech. Corp. v. United States, 845 F.3d 1158, 1162 (Fed. Cir. 2017) (citing Sigma-Tau HealthSci., Inc. v. United States, 838 F.3d 1272, 1276 (Fed. Cir. 2016)). Second, the Court determines whether the subject merchandise falls within the parameters of the tariff provision. See id. (citing Sigma-Tau HealthSci., Inc., 838 F.3d at 1276). The former is a question of law and the latter is a question of fact. See id. The Court resolved the first step of this analysis during Phase I of the proceedings, leaving only questions of fact for Phase II. SGS Sports Inc., 47 CIT at __, 620 F. Supp. 3d at 1375–81.

Importers must normally pay duties on goods that were imported into the United States, exported to another country, and reimported back into the United States. 19 C.F.R. § 141.2. HTSUS subheading 9801.00.20 provides an exception to this rule for merchandise imported into the United States, exported outside of the United States under a lease or similar use agreement, and then reimported into

the United States. HTSUS 9801.00.20. Customs grants the HTSUS 9801.00.20 exception when:

> the article for which free entry is claimed was duty paid on a previous importation . . ., is being reimported without having been advanced in value or improved in condition by any process of manufacture or other means, was exported from the United States under a lease or similar use agreement, and is being reimported by or for the account of the person who imported it into, and exported it from, the United States.

19 C.F.R. § 10.108. The Court previously determined that the subject entries were "exported from the United States under a lease or similar use agreement." SGS Sports Inc., 47 CIT at __, 620 F. Supp. 3d at 1381. The Parties have stipulated to the remaining requirements of HTSUS 9801.00.20. The Court determines, therefore, that Plaintiff's subject entries were entitled to duty-free treatment under HTSUS 9801.00.20.

Upon consideration of the Parties' Stipulation of Facts and Joint Motion for the Entry of a Judgment, and all other papers and proceedings in this action, it is hereby,

**ORDERED** that the Parties' Stipulation of Facts and Joint Motion for the Entry of a Judgment, ECF No. 119, is granted; and it is further

**ORDERED** that all pending motions *in limine* are deemed withdrawn; and it is further

**ORDERED** that the subject entries are classifiable under subheading 9801.00.20 of the Harmonized Trade Schedule of the United States and are entitled to duty-free treatment; and it is further

**ORDERED** that U.S. Customs and Border Protection shall reliquidate the subject entries and pay any appropriate refunds, with any interest as provided by law, in accordance with this opinion.

Judgment shall issue for Plaintiff accordingly.

      /s/ Jennifer Choe-Groves
    Jennifer Choe-Groves, Judge

Dated: January 19, 2024
       New York, New York